UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SERGIO LINARES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-03-148 |
| | § | |
| GARY JOHNSON, | § | |
| | § | |
| Respondent. | § | |

## OPINION

Pending before the Court is Petitioner Sergio Linares' Petition for a Writ of Habeas Corpus by a Prisoner in State Custody [Petition for Writ of Habeas Corpus]. [Dkt. No. 1]. Also before the Court are Petitioner's Brief and Appendix In Support for a Writ of Habeas Corpus 2254 filed on September 26, 2003 and Petitioner's Amended Brief and Appendix In Support for a Writ of Habeas Corpus 2254 filed on June 28, 2004. [Dkt. Nos. 2, 11]. Upon due consideration of the pleadings, the record and the relevant law, the Court DENIES Petitioner Linares' Petition for Writ of Habeas Corpus.

### I.  Background

On April 17, 1990, the 49th Judicial District Court of Webb County found Petitioner guilty of attempted murder in a trial by jury. On June 4, 1990, Petitioner Sergio Linares filed a Motion for New Trial in state court. [Dkt. No. 2, App. A15]. On June 25, 1990, the 49th Judicial District Court of Webb County denied Petitioner's Motion for New Trial [Dkt. No. 2, App. A9].

On June 27, 1990, Petitioner Linares filed his first Notice of Appeal in state court requesting appellate court review of the judgment and sentence and of the denial of Petitioner's

Motion for New Trial. *Id*. On April 17, 1991, the Texas 4th Court of Appeals dismissed Petitioner Linares' appeal for lack of jurisdiction. *Id*.

On September 18, 1995, Petitioner Linares filed his first Application for Writ of Habeas Corpus in state court. *Id*. On February 7, 1996, the Texas Court of Criminal Appeals granted Petitioner Linares leave to file an out-of-time appeal. [Dkt. No. 2, App. 1].

On April 4, 1996, Petitioner Linares filed a second Notice of Appeal in state court. [Dkt. No. 2, App. A9]. On December 4, 1996, the Texas 4th Court of Appeals dismissed Petitioner Linares' appeal because notice was untimely and no motion for extension of time was filed. [Dkt. No. 2, App. A1].

On October 7, 1997, Petitioner Linares filed a second Application for Writ of Habeas Corpus in state court. [Dkt No. 2, App. A9]. On December 10, 1997, the Texas Court of Criminal Appeals granted Petitioner Linares another leave to file an out-of-time appeal. [Dkt. No. 2, App. A1].

On January 8, 1998, Petitioner Linares filed a third Notice of Appeal in state court. [Dkt. No. 2, App. A9]. On January 30, 1998, Petitioner re-filed his third Notice of Appeal in state court. *Id*. On June 20, 2001, the Texas 4th Court of Appeals affirmed the judgment of the trial court. [Dkt. No. 2, App. A5]. Petitioner's petition for discretionary review by the Texas Court of Criminal Appeals was refused on May 15, 2002. *Linares v. Texas*, 2001 WL 687575 (Tex. App. 2001).

On May 16, 2003, Petitioner Linares filed a third Application for Writ of Habeas Corpus in state court. [Dkt. No. 2, App. A9]. On July 30, 2003, Petitioner's third Application for Writ of Habeas Corpus was denied. *Id*. On September 26, 2003, Petitioner Linares filed this Petition

for a Writ of Habeas Corpus by a Person in State Custody [Federal Petition for Writ of Habeas Corpus]. [Dkt. No. 1].

**II.     Discussion**

**A.     Request for an Out-of-Time Appeal**

As an initial matter, the Court will address Petitioner's request for an out-of-time appeal. In his Amended Brief and Appendix In Support for a Writ of Habeas Corpus 2254 filed on September 26, 2003, Petitioner states that he is not challenging the conviction, nor seeking to overturn the conviction. Rather, he characterizes the motion as an out-of-time appeal action. [Dkt. No. 11 at 9]. However, in his prayer for relief, Petitioner requests that the Court "order petitioner be granted an out-of-time appeal." Petitioner basis his case on a state law procedure that permits state prisoners to request an out-of-time appeal from reviewing courts. *See Ex Parte McPherson*, 32 S.W.3d 860 (Tex. Crim App. 2000). However, this Court does not have direct authority to order the state courts to hold an out-of-time appeal. The Fifth Circuit has granted state petitioners habeas corpus relief conditioned on the state not granting an appropriate out-of-time appeal. *Lombard v. Lynaugh*, 868 F.2d 1475, 1484 (5th Cir. 1989). Therefore, the Court will properly consider this action an action for habeas corpus relief under 28 U.S.C. § 2254 (2000) and treat the request for an out-of-time appeal as simply a request for the type of relief sought. *Cf. In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996) (district court did not err by treating motion to dismiss as a section 2255 action because "there is nothing else it could be.").

**B.     Ineffective Assistance of Counsel**

In his Petition for Writ of Habeas Corpus, Petitioner has alleged five different instances in which he believes that his appellate counsel's performance was deficient. Petitioner alleges

that appellate counsel (1) failed to challenge the sufficiency of the evidence on appeal; (2) failed to raise the issue of an incomplete trial record on appeal; (3) failed to challenge the original indictment, which Petitioner claims was fatally defective; (4) failed to raise the issue of newly discovered evidence; and (5) failed to file a motion to abate appeal to file an out-of-time motion for new trial.  Such claims are appropriately considered under the standard pronounced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under this standard, Petitioner must demonstrate that his attorney's conduct fell below an objective standard of reasonable professional assistance and but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  *See id*. at 687-88, 694.

1. **Failure to Challenge the Sufficiency of the Evidence on Appeal**

    Petitioner claims that his appellate counsel was ineffective for failing to assert that the evidence at trial was insufficient to support his conviction.  To prevail on this claim, Petitioner must establish that counsel's conduct fell below an objective standard of reasonable professional assistance.  *Strickland*, 466 U.S. at 687.

    To raise a sufficiency of the evidence challenge on appeal, counsel must have a good faith belief that the claim of legal insufficiency of the evidence was not groundless.[1]  TEX. R. CIV. P. 13.  "Groundless . . . means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law."  *Id*.  In reviewing a sufficiency of the evidence claim, an appellate court views the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict.  *United States v. Tate* 104 F.App'x 411, 412 (5th Cir. 2004).  The court must "determine whether

---

[1] Counsel's "role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  *Anders v. California*  386 U.S. 738, 744 (1967).

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. However, it is the "sole province of the jury to weigh evidence and credibility of the witnesses." *Id.*

As previously noted, Petitioner was convicted of attempted murder. "[T]he following are the elements of attempted murder: 1) a person, 2) with the specific intent to cause the death of another, 3) does an act amounting to more than mere preparation, 4) but fails to effect the death of the other individual." *Roberson v. State*, 144 S.W.3d 34, 39 (Tex. App.– Fort Worth 2004, no petition) (*citing* TEX. PENAL CODE ANN. §§ 15.01(a), 19.02(b); *Jeffley v. State*, 938 S.W.2d 514, 517 (Tex. App.– Texarkana 1997, no petition); *Palomo v. State*, 925 S.W.2d 329, 332 (Tex. App.– Corpus Christi 1996, no petition)). While Petitioner cites a litany of cases supporting his legal argument, he fails to address the evidence itself. A review of the evidence at the state trial establishes that the victim, Alfonso Quiroz, positively identified Petitioner as the person who, using a .22 Derringer, shot him four separate times. [Dkt. No. 11, App. A17 at 92, 94-95, 96-97]. The first shot was fired, without any alleged provocation, when Quiroz was in the back seat of the vehicle in which Petitioner was a passenger. *Id*. at 95. Quiroz testified that Petitioner simply turned around, pointed the gun at him and fired. *Id*. The next three shots were fired by Petitioner after Quiroz exited the vehicle on the driver's side and was lying on the ground next to the vehicle. *Id*. at 96. It is difficult to see how a reasonable attorney could, in good faith argue that the forgoing was legally insufficient to establish the essential elements of the offense of attempted murder.

Counsel does not have an obligation to raise frivolous argument on appeal and petitioner has failed to show that his proposed argument was non-frivolous. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Petitioner has done nothing to indicate that such an argument has a firm

legal anchor. Accordingly, in this respect, appellate counsel's representation did not fall below the range of reasonable professional assistance.

### 2. Failure to Raise the Issue of Incomplete Record on Appeal

Petitioner also claims that his appellate counsel was ineffective because counsel did not object to the incomplete trial record available on appeal. Specifically, Petitioner claims that during an evidentiary hearing on July 2, 1998 with the 49th District Court of Webb County, appellate counsel failed to object when it was discovered that the statement of facts for the motion to amend hearing and the motion for new trial hearing were "missing." [Dkt. No. 11 at 16]. Petitioner further claims that counsel could have argued that the missing transcripts were "necessary and significant" and that "as such issue's [sic] "were not frivolous". [sic]" *Id.* (*incorrectly quoting Lombard v. Lynaugh*, 868 F.2d 1475, 1483-84 (5th Cir. 1989)). Petitioner continues by claiming that counsel's failure to object was so deficient that there was a "reasonable probability that, but for error [sic], result [sic] would have been different." *Id.* at 17. However, Petitioner's claim that counsel did not object is not supported by the record. Rather, the record is to the contrary. The whole purpose of the hearing held on July 2, 1998 is on the issue of the missing statement of facts.

Petitioner has again merely provided conclusory allegations in support of his ineffective assistance of counsel claim. Petitioner claims that there is a reasonable probability that but for counsel's error the result would have been different. It is difficult to see how two missing statements of facts, one from a pre-trial hearing and the second from a post-trial hearing, would have prejudiced the defendant. Furthermore, although Petitioner claims that the statements were "missing," it is unclear whether the statements were in fact missing. During the hearing on July 2, 1998, counsel indicated that he believed that the statement of facts from the motion to amend

indictment hearing was missing but that he was still searching for it. [Dkt. No. 2, App. A3 at 8]. On the other hand, as the 49th District Court of Webb County found, there was no indication in the record that a hearing actually occurred. *Id.* at 11, 12. Counsel could only offer the assurances of Petitioner that a hearing did occur.[2] *Id.* at 3, 8. With regard to the motion for new trial hearing, the Court made no finding that such a hearing did occur because the Court found that the motion was not timely filed. *Id.* at 10.

Finally, assuming that the statements of facts did exist and they were missing, it is difficult to see how their absence prejudiced the Petitioner. As noted, the motion for new trial hearing, if a hearing did occur, could not provide exculpatory information because the motion was not timely filed and the state court rejected Petitioner's motion on that ground. [Dkt. No. 2, App. A9]. It is also difficult to see how the absence of the statement of facts from the hearing on the motion to amend indictment could have prejudiced the defendant. The Defendant was convicted pursuant to a valid indictment amended pursuant to the motion to amend. *Infra*. Accordingly, it is difficult to see how defendant was prejudiced by the absence of this record. Because Petitioner has only alleged legal conclusions that counsel's representation was deficient and that it prejudiced him, Petitioner's claim must fail.

Petitioner also makes general claims that counsel's performance was deficient because he failed to argue points raised in counsel's appellate brief and that counsel "abandoned the required duty of loyalty" because counsel "made poor strategic or tactical choices, . . . acted with reckless disregard for his client's best interest, and apparently with the intention to weaken [sic] the

---

[2] Petitioner claims that a hearing was held at which he objected to the errors in the original indictment. However, he was unable to advise the court of what the objection was, and no evidence was presented by petitioner or his attorney as to the substance of the objection.

[Petitioner's] case."  *Id*. at 17.  Petitioner offers no factual support for this argument.  Accordingly, such arguments are rejected.

### 3. <u>Failure to Raise the Issue of Fatally Defective Indictment on Appeal</u>

Petitioner claims that his appellate counsel was ineffective because he did not raise the issue of a "fatally defective indictment on appeal."  Petitioner notes that the original indictment failed to allege all the elements of the crime of which he was accused.  In particular, Petitioner claims that the original indictment failed to allege the *mens rea* requirement.  Petitioner further alleges that the prosecution failed to appropriately amend the indictment as required by the trial court order.  [Dkt. No. 11 at 18].  Petitioner then claims that his conviction would have been reversed if the issue was raised on appeal. *Id*. at 20.  Finally, Petitioner argues that due to the shortcomings of the original indictment, the trial court did not even have the authority to order the prosecution to amend the original indictment.  *Id*. at 21.

A defective indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment was "'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."  *Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir. 1991) (*citing Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983)).  "Sufficiency of a state indictment, for purposes of federal habeas review, is necessarily framed by state law."  *Id*.  Petitioner claims that the prosecution failed to formally amend the indictment to allege a culpable mental state.  Petitioner claims that omission of this element renders the indictment fatally defective.  Petitioner is mistaken in two ways.

First, this issue was raised on appeal.  *See Linares v. Texas*, 2001 WL 687575 (Tex.App.—San Antonio 2001).  A review of this opinion makes it clear that counsel did

challenge the sufficiency of the indictment. *Id*. Petitioner's claim that counsel failed to raise the issue of the defective indictment on appeal is contradicted by the record.

Second, the 49th Judicial District Court of Webb County ordered the amendment of the original indictment to read, "[Petitioner and Co-Defendant] did then and there intentionally and knowingly, with the specific intent to commit the offense of Murder of Alfonso Quiroz [sic], did an act . . . ." [Dkt. No. 11, App. A13]. The 4th Court of Appeals found that the recitation of the entire language of the indictment in the order amending became the amended indictment and further found that Petitioner waived any objection because he did not contest the indictment before the trial on the merits began. [Dkt. No. 2, App. A5 at 5]. Accordingly, it is clear that the indictment was properly amended and that it did in fact contain the appropriate *mens rea* language.

Assuming *arguendo* that the indictment was improperly amended and that Petitioner was convicted under the original indictment which failed to properly include an element of the offense, such an indictment is not fatally defective under Texas law. Under Texas law, a "charging instrument is not constitutionally void despite the omission of one or more elements of the offense." *E.g., Rodriguez v. Texas*, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990); *see also* TEX. CODE CRIM. PROC. ANN. art 1.14 (Vernon 2005). Accordingly, Petitioner has failed to allege a legally cognizable challenge to the validity of the indictment used to convict him. Because the indictment used to convict Petitioner was not "so fatally defective," the indictment cannot be a matter for federal habeas corpus relief. In addition, Petitioner argues that because the original indictment failed to contain adequate *mens rea* language, that the Court lacked the jurisdiction to order an amendment to the original indictment. As noted, an indictment that fails

to allege all the elements of the crime charged is not constitutionally void. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground either.

**4.   Failure to Raise the Issue of Newly Discovered Evidence on Appeal**
**5.   Failure to File Motion to Abate Appeal to File Out-of-Time Motion for New Trial**

Petitioner claims ineffective assistance of counsel for counsel's failure to file a motion to abate appeal to file an out-of-time motion for new trial based on newly discovered evidence. This newly discovered evidence is Petitioner's claim that the victim, Alfonso Quiroz, the "main witness" for the state of Texas, admitted at a subsequent trial that he had lied at Petitioner's trial. [Dkt. No. 11 at 16]. In fact, this was one of the bases for Petitioner's motion for new trial. [Dkt. No. 11, App. A15]. However, the motion was found to be untimely. [Dkt. No. 11, App. A3 at 10]. Petitioner thus complains that he was denied effective assistance of counsel when appellate counsel did not file a motion to abate appeal to file an out-of-time motion for new trial. Petitioner claims that if he was granted a new trial that the jury "might have had, cause to doubt all his testimony." [Dkt. No. 11 at 18] (quotations omitted). Petitioner further claims that the "false testimony of witness [sic] . . . did in all likelihood, affected [sic] the judgement [sic] of the jury." *Id*. Petitioner also claims that if appellate counsel filed a motion to abate appeal to file an out-of-time motion for new trial, that there would have been a "reasonable likelihood" that the court of appeals would have granted such a motion. *Id*. at 19.

Petitioner's claim of newly discovered evidence is considered herein together with Petitioner's argument that counsel was ineffective because he did not move to abate Petitioner's appeal to file an out-of-time motion for new trial. Under the Texas Rules of Appeallate Procedure, an out-of-time motion for new trial will only be granted for good cause. As the Texas Court of Appeals noted in *Tuffiash v. Texas*, 878 S.W.2d 197, 198 (Tex. App.– San Antonio

1994), "[i]n an appropriate case, for good cause shown, Rules 2(b) and 80(c) of the Texas Rules of Appellate Procedure allow [the] court to suspend requirements and provisions of any rule . . . includ[ing] abating an appeal for an out-of-time motion for new trial." (citation omitted).

In considering whether to grant an out-of-time motion for new trial, the Texas Courts will consider two factors.  First, the Texas Courts consider "whether the issue sought to be resolved can serve as a basis for post-conviction habeas corpus relief."  *Harris v. State*, 818 S.W.2d 231, 233 (Tex.App.— San Antonio 1991, no petition).  Because a claim that cannot serve as a basis for post-conviction relief will forever be lost, the Texas Courts will more likely grant an out-of-time motion for a new trial for such claims to preserve the claims of a defendant.  *Id*. "A claim of newly discovered evidence is not cognizable by habeas corpus."  *Ex parte Binder*, 660 S.W.2d 103 (Tex. Crim. App. 1983).  Accordingly, had counsel raised such a claim in support of an out-of-time motion for new trial, the Texas appellate court would have viewed the motion favorably under the first prong of the out-of-time motion for new trial analysis.

Second, Texas Courts consider the nature of the claim and determine whether the interests of justice are best served by allowing an out-of-time motion for new trial. *Harris*, 818 S.W.2d at 234.  Petitioner argues that counsel should have filed an out-of-time motion for a new trial based on newly discovered evidence.  To be entitled to a new trial based on the allegation of newly discovered evidence, a movant must show: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral or impeaching; and, (4) the new evidence is probably true and will probably bring about a different result in another trial.  *Keeter v. Texas*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

In support of these claims, Petitioner asserts that Quiroz made several statements in the subsequent trial of Petitioner's co-defendant that were inconsistent with statements that Quiroz made at Petitioner's trial.  Petitioner argues that these inconsistent statements and Quiroz' admission that he lied at the subsequent trial are newly discovered evidence, which would have entitled petitioner to a new trial. [Dkt. No. 11 at 18].  Petitioner is mistaken.  Evidence is not newly discovered if it was known to the defendant at the time of trial.  *See Drew v. Texas*, 743 S.W.2d 207, 227 (Tex. Crim. App. 1987).  Petitioner witnessed the events about which Quiroz testified allegedly inconsistently at the two trials.  The veracity of the statements made by Quiroz was known to Petitioner at the time of trial and he could have challenged them at any time.  Because the evidence alleged by the Petitioner was not newly discovered, Petitioner was not entitled to a new trial on this basis and counsel was not ineffective for raising this baseless claim.  In addition, the fact that Quiroz may have lied at a subsequent trial is simply impeachment material and unlikely to bring about a different result in a subsequent trial.

Furthermore, to succeed in an ineffective assistance of counsel claim, Petitioner must prove that he was prejudiced by counsel's errors.  Such might be the case if the "newly discovered evidence" were, in fact, newly discovered evidence.  However, a close examination of the "newly discovered evidence" reveals it to be nothing more than minor inconsistencies between the testimony of Quiroz at Petitioner's trial and at the subsequent trial of the co-defendant, Jose David Garcia.

First, Petitioner notes that Quiroz admitted at the subsequent trial that there was another person in the car with Petitioner and Garcia.  However, at Petitioner's trial, Petitioner claims that

Quiroz only stated that he went cruising with Petitioner and Petitioner's co-defendant.³  While these statements appear initially inconsistent, in Petitioner's trial, when asked whether more than one person shot Quiroz, he simply responded "Just one.  But there was more than one with me.  Can I say something?"  [Dkt. No. 11, App. A17 at 113].  However, Quiroz was denied the opportunity to "say something."  *Id.*  This suggests that Quiroz might have revealed the presence of a third person if given the opportunity.  But, at the very least, claiming to go cruising with three people does not constitute "newly discovered evidence" because such a fact was also known to Petitioner, who was one of the other individuals cruising with Quiroz.

Petitioner also complains of Quiroz's testimony at the later trial that Petitioner shot him because Petitioner owed him money; whereas at Petitioner's trial, Quiroz testified that he did not know why Petitioner shot him.  [Dkt. No. 11 at 16].  Rather than being an inconsistency, Quiroz makes it clear that this is a conclusion he has come to and that he was not asked about it at Petitioner's trial.  [Dkt. No. 11, App. A19 at 212, 213].

Another of the inconsistencies raised by Petitioner is that Quiroz admitted at the later trial that he was drunk that night; but at Petitioner's trial, Quiroz stated that while he had been drinking, he was not drunk.  At the later trial, Quiroz initially denied being drunk on either occasion.  [Dkt. No. 11, App. A17 at 112, App. A19 at 122]. However, after reviewing a videotaped statement given to the prosecution, he did admit that he was drunk that night.  This statement was available at Petitioner's trial.  Additionally, whether Quiroz was drunk would not constitute "newly discovered evidence."  Petitioner only asserts that Witness Quiroz' admission that he was drunk was not available at his trial.  Such admission may have been elicited at

---

³ It is based upon this string of questions that Quiroz admitted to being a liar.  See [Dkt. No. 11, App. A19, p. 136]

Petitioner's trial by confronting Quiroz with his videotaped statement, as was done in the later trial.

Finally, Petitioner appears to complain of the inconsistency of Quiroz's testimony in light of another witness's testimony. In particular, Quiroz testified that he was able to see the co-defendant "staring at him with his hand out the window" whereas another witness, Soliz, testified that he couldn't see who the person was that fired the shot. [Dkt. No. 11, App. A16 at 64, 65]. Petitioner also complains that the prosecuting attorney mischaracterized this evidence by stating in his closing that Petitioner chased down the witness and shot in the air while a second witness [Soliz] watched. *Id.* The Court notes that this also is not a discrepancy as Soliz did testify that he "saw the person's arm come out of the car and fire." [Dkt. No. 11, App. A16, p. 64, 65]. Again, even if the evidence was characterized differently in a subsequent trial, this does not constitute "newly discovered evidence."

A review of the evidence presented by Petitioner establishes that these alleged inconsistencies are either non-existent or so minor that they would likely have little effect on the credibility of the witness. Even if such inconsistencies affected Quiroz' credibility, Petitioner has not shown that such evidence was unknown or unavailable to him at his trial; that his failure to discover the evidence was not due to his lack of diligence; that the evidence is admissible and not merely collateral or for impeachment; and that such evidence is likely to bring about a different result in another trial. Petitioner has thus failed to show that his counsel was ineffective for failing to file a motion to abate to file an out-of-time motion for new trial based on newly discovered evidence.

### III.     Conclusion

Because Petitioner has failed to allege a valid claim entitling him to habeas corpus relief, Petitioner's Petition for Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED.

DONE this 15th day of May, 2006 in Laredo Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**